**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

DANNY A. CROMEANS, JR.                                                                                      PLAINTIFF
ADC #107662

V.                                            NO: 5:09CV00356 HDY

DAVID WHITE *et al.*                                                                                        DEFENDANTS

## ORDER

Plaintiff filed this complaint on November 12, 2009, alleging that he was subjected to cruel and unusual punishment. On July 13, 2010, Plaintiff filed a motion for summary judgment (docket entry #93). Defendants filed a response and brief in support on July 20, 2010 (docket entries #94 & #95).

### I.  Standard of review

Summary judgment is only appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The Court must view the facts, and inferences to be drawn from those facts, in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). A moving party is entitled to summary judgment if the nonmoving party has failed to make a showing sufficient to establish the existence of an element essential to that party's case. *Celotex*, 477 U.S. at 322-23. The Eighth Circuit has held that "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment."

*Dulany v. Carnahan*, 132 F.3d 1234, 1237 (8th Cir. 1997) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).

## II. Analysis

In his motion, Plaintiff asserts that it is undisputed that Defendants entered his cell without audio-visual recording equipment, in violation of prison policy, and used excessive force against him. Defendants note in response that violation of prison policy alone is insufficient to establish a constitutional violation, and dispute that Plaintiff was the victim of excessive force, or that any Defendant failed to protect him. It is apparent that material facts are in dispute at this time. Because material facts remain in dispute, summary judgment is not appropriate.

## III. Conclusion

IT IS THEREFORE ORDERED THAT Plaintiff's motion for summary judgment (docket entry #93) is DENIED.

DATED this   21   day of July, 2010.

_____
UNITED STATES MAGISTRATE JUDGE